UNITED STATES v. THREE HUNDRED BARRELS OF DISTILLED SPIRITS. See Cases Nos 16,580 and 16,581.

## Case No. 16,510.

### UNITED STATES v THREE HUNDRED BARRELS OF WHISKEY.

[1 Ben. 15: [1] 2 Int. Rev. Rec. 165.]

District Court, E. D. New York. Nov., 1865.

INTERNAL REVENUE — PRACTICE — BONDING PROPERTY UNDER SEIZURE—POWERS OF THE COURT.

1. This property was proceeded against under the internal revenue acts of June 30, 1864 [13 Stat. 223], and March 3, 1865 [Id. 469]. The property being under seizure by the marshal, the claimant applied for leave to bond it. *Held*, that the court has power, independent of any statute, to discharge upon bail property in custody, in cases of seizure under the import acts, whether upon land or water.

2. The same power exists in the present case under the 48th and 50th sections of the revenue act of June 30, 1864.

This was an application on the part of the claimant of the property seized, to have the same delivered to him upon giving security in the amount of the value thereof. The motion was founded upon a petition showing that the property was proceeded against for a violation of the internal revenue act, passed June 30, 1864, and amended March 3, 1865; that upon filing the information, process was issued against the property, and the same was seized by the marshal and taken into his custody without objection on the part of the collector of internal revenue, and was still in the custody of the marshal under the process in this cause, and that no opportunity existed to try the cause at the then present term.

B. D. Silliman, U. S. Dist. Atty.
Cooper & Roe, for claimants.

BENEDICT, District Judge. The act to provide internal revenue nowhere in express terms confers upon any court the power to deliver to the claimant on bail, pending the proceedings, the property claimed to be forfeited to the United States under its provisions. Nor do I find that by express provision or by implication the power is withheld. It is true, that the proviso to section 48 seems to contemplate in certain specified cases, the giving of a bond to the assessor to be by him filed in the office of the commissioner of internal revenue, but it does not appear that, in such cases even, the order of the court can be dispensed with. What construction should be given to section 48 it is not necessary, however, to decide here, inasmuch as in the case before the court, the privilege is not asked upon the ground that the property is perishable or otherwise, within the proviso of that section. But although the act does not by express terms confer the power here sought to be invoked, it is apparent that the intention of the act was that proceedings under

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

it should conform in this respect to the methods heretofore pursued in cases of seizure under previous revenue laws. Thus, section 48 provides that the proceedings to enforce forfeiture under the act shall be "in the nature of proceedings in rem," while section 50 provides that the act of March 2, 1833 [4 Stat. 629], entitled "An act to provide for the collection of duties and imposts," shall extend to all cases arising under the laws for the collection of internal revenues. Now, section 2 of the act of 1833, expressly provides that all property taken or detained by any officer or other person under the authority of any revenue law of the United States shall be irrepleviable, and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof. These provisions, taken together, seem to me to warrant the conclusion that if the courts of the United States have, in cases of seizure upon land, under the import acts, the power independent of any statute, to discharge upon bail property in custody, the power exists in a case like the present. No reason is seen why this power should not, in a proper case, be exercised as well in cases of seizure under the internal revenue act, as in cases of seizure under the import acts.

Now the power of releasing property upon bail, pending the proceedings, has been in constant exercise in most, if not all cases of seizure under the import acts, and been deemed to be one of the inherent powers of the court over property in its custody. Indeed, it would seem to be a power necessary to the proper exercise of the jurisdiction of the court in most cases, in rem, for in such cases the proceedings might sometimes prove futile, and the decree, when made, a barren one, without the exercise of such a power. So in cases of property seized upon the waters for a violation of the revenue laws, the order to deliver on bail has been an order almost of course, and this too without any statute conferring the power, but by mere rule of court. This practice, in such cases, has been adjudged upon appeal to be warranted by law, and judgment given upon bonds so taken. The Alligator [Case No. 248]; Story, J.

Nor has the exercise of this power been confined to seizures upon the waters. The case of U. S. v. Four Part Pieces of Woolen Cloth [Id. 15,150] was a case of a seizure upon land. Thompson, J., there held that a bond taken in the district court, upon request of the claimant to obtain an order for the discharge of the property pending the proceedings, was valid, and the point being taken that no statute authorized the taking of the bond, the court so held, but declared the power to be one of the inherent powers of the court, to be exercised in its discretion, independent of any statute.

The practice which has grown up under these decisions has proved, I think, a beneficial one, not only to claimants, but to the government. Any other practice would be likely to entail upon the government large expenses for the storage, custody and care of all property seized as forfeited. Property held during long periods to await the result of litigation, is necessarily subject to great risks of loss by fire, by thieves, &c. This very case may be taken as an illustration. These three hundred casks of whiskey of a certain proof, now worth $23,449, are on storage, and if not bonded, must remain in custody until the final termination of the action. Can any one doubt that the risk of its turning out at the end of the litigation less in quantities, proof and value, is greater than the risk of the solvency of competent sureties, carefully selected and sworn? It seems to me, therefore, that the power in question is one conducive to justice, and must be considered as resting both on principle and authority.

I have given this question more careful attention, because it was suggested, on the part of the government, that a different opinion has been expressed in another district. I do not learn, however, that any case like the present has been passed on. Here the property is in the actual custody of the marshal, and the district attorney does not oppose the application. In such a case, no court, to my knowledge, has denied its power to discharge on bail; while it is believed that the power has been exercised in many districts in cases under the internal revenue acts, and that without question.

It may perhaps be proper to add, that the commissioner of internal revenue denied an application made to him for the discharge of this whiskey on bail as perishable, as appeared by his letter made part of the motion papers, and added: "The court, however, in which proceedings for forfeiture are now proceeding, has jurisdiction of the matter, and can order a release, if, in its judgment, such release is proper." The motion for the release of the property is therefore granted, and an order to that effect will be entered, upon filing in court a bond in the value thereof, as fixed by appraisers appointed by the court; the bond to be in a form approved by the district attorney, and executed by two sureties to be approved by the district attorney and clerk.

The importance of having the practice in this class of cases uniform throughout this circuit, has led me to submit this opinion to the presiding justice of the circuit, and he concurs with me in the view I have taken of the law.