## Case No. 4,778.

### FIFTEEN EMPTY BARRELS.

[1 Ben. 125.][1]

District Court, E. D. New York. April, 1867.

B. F. Tracy, U. S. Atty.

BENEDICT, District Judge. This case comes before me upon a question of costs. It appears that the property condemned in the cause was seized by Collector Wood on the 5th day of December, 1866, as forfeited for a violation of the internal revenue laws. The property remained in the hands of the collector until the 12th of January, when the case was turned over to the district attorney, an information filed, and the property condemned, no one appearing to defend.

The collector now presents for taxation a bill of costs of $185, which is supported by his affidavit that he has paid or has obligated himself to pay that sum to one Nathan Beers, for watching the property while in custody of the collector, at the rate of $5 per day.

The language of the section of the internal revenue law under which the claim is made is as follows: "The cost of seizure made before process issues, shall be taxable by the court." [Act July 13, 1866;] 14 Stat. 110.

This language can, I think, be properly construed to cover any necessary expenses of watching property seized by a collector. for such time as shall necessarily elapse between the seizure by the collector and the seizure by the marshal under process. But I am unwilling to extend its effect so as to cover a charge like the one before me.

The duty of a collector upon making a seizure of property which he has probable cause to believe liable to forfeiture, is to turn the case over to the proper law officer of the government forthwith, in order that legal proceedings may be commenced without delay.

This is also the right of the citizen whose property is seized, and who may justly complain if his property be detained for any considerable time, when he can neither take steps to make his defence, nor to obtain its release upon giving bonds. Any other practice is liable to abuse, and to bring suspicion and discredit upon the revenue department, and will never be encouraged by me.

In the case before the court, the property was detained by the collector for the space of thirty-seven days, and no other reason is suggested for the delay, except that Revenue Agent Linton, and Inspectors Cocheu and Meade desired proceedings to be delayed. But no facts are presented before me to show that the interests of the government required any delay at all, and it is not easy to imagine any proper reason for delaying proceedings in a case so clear that the owner deemed it not worth while to interpose any defence.

In such a case my opinion is that no more than twenty-four hours' delay was necessary, and expenses for custody of the property for that period is all that can be taxed as cost of seizure.

I notice also that the rate charged per day is double that allowed by law to the marshal in such cases. Unless under special circumstances of necessity, but $2.50 per diem is allowed to the marshal, and no greater rate can be claimed by the collector in this case.

Let the bill be taxed by the clerk in accordance with this decision, and the amount so taxed be paid the collector.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]