## STANDARD CARPET CO., Inc., v. BOWERS, Collector of Internal Revenue.

(District Court, S. D. New York.    November 1, 1922.)

**I. Internal revenue ⚒══46—Summary application for return of property seized under revenue laws will not lie.**

Where collector of internal revenue seized certain chattels under Rev. St. § 3453 (Comp. St. § 6355), authorizing seizure of property held in violation of the revenue laws, and providing for enforcement and forfeiture by a proceeding in rem, in view of sections 934 and 3459 (Comp. St. §§ 1560, 6361), whatever the hardships of resulting delay, a summary application for a return of the property will not lie, as the question of forfeiture must be determined by a plenary suit.

**2. Internal revenue ⚒══46—Where goods seized, collector liable for expenses resulting from delay in prosecuting.**

Where collector of internal revenue seizes goods, delay in prosecuting is an abuse of power, and resulting expenses will be charged against collector.

**3. Internal revenue ⚒══46—Federal courts empowered to order collector to proceed with forfeiture or release goods.**

Under Rev. St. § 934 (Comp. St. § 1560), providing that property taken under revenue laws shall be deemed in the custody of law and subject to the orders of the United States courts, these courts have power to order collector to proceed with the forfeiture or release the goods.

Petition by the Standard Carpet Company, Inc., for a summary order directing Frank E. Bowers, as Collector of Internal Revenue, and the United States Marshal, to return chattels seized under the revenue laws.    Petition dismissed on condition.

This is a petition for a summary order directing the Collector of Internal Revenue and the United States Marshal to return certain chattels, seized under the following circumstances:

On October 6, 1922, Samuel M. Hitchcock, Esq., a United States commissioner, issued a warrant to search the premises of the petitioner in New York on the ground that liquors had been unlawfully stored therein in violation of the National Prohibition Act (41 Stat. 305). The warrant directed one Kerrigan, a prohibition agent, to seize and secure the liquors and to make return. On the same day Kerrigan entered under the warrant and found no liquors, but by forcing a wall in the rear entered into another part of the building and there secured a large quantity, which he carried off, and of which he made return.

Thereafter a complaint was filed with the commissioner against one Birnbaum, the president of the petitioner, for a violation of the internal revenue laws. Birnbaum was arrested on the 7th and held in bail to await indictment. On the same day, Kerrigan having left the premises, the defendant Bowers, a collector of internal revenue, sent two assistants, who entered the premises and took possession of a quantity of chattels, which he now holds, and which are the subject of the petition. They consist of carpets, rugs, linoleum, furniture, fixtures, motor trucks, pile cloth, stationery, and other things used by the petitioner at least ostensibly in its business of dealing in rugs and carpets. It is these goods which the petitioner reclaims. The respondents justify under Revised Statutes, § 3453 (Comp. St. § 6355), and further deny the jurisdiction of this court under summary proceedings of the kind instituted. No libel has been filed against the goods.

Robert H. Elder, of New York City, for petitioner.
Major John Holley Clark, Jr., and Sanford H. Cohen, both of New York City, opposed.

⚒══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LEARNED HAND, District Judge (after stating the facts as above). [1] The provisions of the Revised Statutes for the seizure and forfeiture of goods for violations of the internal revenue laws are ancient and they are intended to be complete. Section 3453 justifies a seizure and prescribes that the ensuing forfeiture shall be enforced by libel of information in rem. Section 934 (Comp. St. § 1560) takes away the action of replevin, but section 3459 (Comp. St. § 6361) gives the owner a right to reclaim the goods upon bond while in the possession of the collector, if in "the opinion of the collector" they are "liable to perish or become greatly reduced in price or value." No provision is made against the possibility that the collector may be wrong in that "opinion," and none to compel him to file a libel of information against the goods with dispatch. Whatever be the hardships of the resulting delay, the statute means the forfeiture to be determined by plenary suit, and no such summary application as this will lie. Whether after libel (U. S. v. 300 Barrels of Whisky, 1 Ben. 15, Fed. Cas. No. 16,510) the court might release the goods under bond by virtue of its inherent powers is not up here; the petitioner does not offer any bond, and no libel has been filed.

[2, 3] Nevertheless it does not follow that the owner is left to the mere pleasure of the collector as to when his rights shall be determined. Delay in prosecution is an abuse of power, and any resulting expenses will be charged against the collector. U. S. v. 15 Empty Barrels, 1 Ben. 125, Fed. Cas. No. 4,778. I might feel some compunction in going further and disturbing his possession, were it not for the language of Revised Statutes, § 934; but that makes any scruples out of place. It says that the property seized "shall be deemed to be in the custody of the law and subject only to the decrees and orders of the courts of the United States." This, of course, refers to the period before libel filed and arrest, since the goods would be in custodia legis after that in any event. It can only mean that the collector is amenable to the court before the goods are arrested. While under guise of that power I may not dispense with the necessity of plenary suit, I have power to prevent unjust delay. I can insist either that the collector proceed with the forfeiture or release the goods, and that I will do.

Therefore an order will pass directing the collector to release the goods, unless within three days after order entered he has filed a libel of information and arrested the goods; if he shall have done so, petition dismissed.