## APPLYBE et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
July 15, 1929.

No. 5779.

For former opinion, see 32 F.(2d) 873.

James B. O'Connor and Harold C. Faulkner, both of San Francisco, Cal., for appellants.

George J. Hatfield, U. S. Atty., and George M. Naus, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. The sole point pressed on petition for rehearing is that in our original opinion no consideration was given to the application and effect of section 934, Rev. St. U. S. (28 USCA § 747).

Manifestly it is an afterthought. Nowhere in the proceedings below or in the briefs here was the section relied upon or even suggested; nor was the course pursued in the lower court appropriate thereto. Defendants merely filed in the criminal case a motion for the suppression of evidence and the return of the property seized. The property was in the actual custody of the Prohibition Administrator, so it was represented, but no rule was issued against him, nor did he appear. If it be conceded that in exercising the power conferred by section 934 the court may have a measure of discretion respecting procedure, clearly we think, by some recognized means, such as an order to show cause, personal jurisdiction must be acquired of the person or officer having custody of the property in controversy. See, for example, Standard Carpet Co. v. Bowers (D. C.) 284 F. 284, and Gillam v. Parker (D. C.) 19 F. (2d) 358, 362. We are therefore of the opinion that upon the record as we have it our conclusion was correct. But perhaps as a precaution we should add that our decision is not to be taken as denying or in any wise prejudicing the right of appellants to obtain relief, if any relief they should have, by appropriate procedure under section 934.

Accordingly the petition will be denied.

For former opinion, see 32 F.(2d) 855.