## WESTHEIMER v. COLLECTOR OF INTERNAL REVENUE.

District Court, S. D. New York.

Feb. 13, 1935.

Henry Woog, of New York City, for petitioner.

Martin Conboy, U. S. Atty., of New York City, and Ralph E. Stone, Asst. U. S. Atty., of New York City, for respondent.

PATTERSON, District Judge.

An assessment for income tax was entered against one Flegenheimer, alias Dutch Schultz, in the amount of $79,000. On December 24, 1934, the Collector of Internal Revenue gave notice of levy under this assessment to Chemical Bank & Trust Company, the notice declaring that the levy was intended to cover any deposit in the name of one Westheimer. At the time there was a sum in excess of $41,000 in the bank to the credit of Westheimer. The bank thereafter declined to pay this sum to Westheimer because of the alleged levy. Westheimer then brought this petition, on notice to the collector, stating the foregoing facts and praying that the latter be ordered either to commence a suit to enforce the alleged tax lien or to vacate the lien. In the petition Westheimer says that Flagenheimer neither owned the bank account nor had any interest in it. The collector contends that the petition should be dismissed as insufficient on its face.

The case, it will be observed, is not one where the collector has seized the petitioner's property and is holding it pending the institution of a libel for forfeiture. Standard Carpet Co. v. Bowers, 284 F. 284 (D. C. N. Y.), and In re Behrens, 39 F. (2d) 561 (C. C. A. 2), relied on by the petitioner, are therefore not in point. Nor is it true that the property is "in the custody of the law," within the meaning of section 934 of the Revised Statutes (28 US CA § 747). The situation here is one where the collector has asserted a tax lien against certain property as that of a delinquent taxpayer, and where the petitioner claims that the property belongs to her,

not to the taxpayer, and that consequently the purported lien is void.

The United States may, of course, bring suit to enforce the alleged lien, thus raising the issue whether the bank account belonged to the taxpayer or to a transferee of the taxpayer. United States v. Bank of United States, 5 F. Supp. 942 (D. C. N. Y.). But Westheimer, the ostensible owner of the property, may take the initiative in pressing the same issue and may bring plenary suit to collect the account, joining the collector as a party defendant along with the bank and demanding that the alleged lien be declared void. An action of that character would evidently not be in violation of the statute (26 USCA § 154), which forbids maintenance of a suit to restrain assessment or collection of an internal revenue tax. Long v. Rasmussen, 281 F. 236 (D. C. Mont.); Livingston v. Becker, 40 F.(2d) 673 (D. C. Mo.); Hubbard Investment Co. v. Brast, 59 F.(2d) 709 (C. C. A. 4); Lion Coal Co. v. Anderson, 62 F.(2d) 325 (C. C. A. 10). It cannot be said then that Westheimer is wholly without remedy unless the court will by order compel the collector to bring suit in furtherance of the levy. Moreover, the collector is not an officer of the court and is not subject to summary process like that asked for in this case. For these reasons, the petition will be dismissed.