**UNITED STATES v. TUZZO et al.**

Cr. No. 105–49.

United States District Court
D. New Jersey.

Dec. 2, 1949.

Alfred E. Modarelli, Newark, N. J., Joseph B. Schwartz, Newark, N. J., for the United States.

Joseph P. Hanrahan, Hoboken, N. J., for defendants.

MEANEY, District Judge.

This is a criminal action upon an indictment charging defendants with passing counterfeit money. Defendant Petro moves for the return of his automobile which was seized without a search warrant, and for the suppression as evidence of three alleged confessions or admissions which he signed while allegedly illegally detained. At the hearing this court disallowed the motion insofar as the return of defendant's automobile was concerned, since it appeared that it was not being held to be used as evidence, but as a vehicle used in transporting contraband articles for which a different method of recovery is appropriate. See Rule 41(e) Federal Rules of Criminal Procedure, 18 U.S.C.A.; 49 U.S.C.A. §§ 781, 782, 783; 28 U.S.C.A. § 2461 et seq.

From the petition accompanying the motion and from the testimony it appears that the papers sought to be suppressed are statements or confessions which were signed while in the custody of Secret Service Agents and the Hoboken Police. The argument is made that these statements are inadmissible under the doctrine of McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, because obtained during a detention allegedly illegal due to failure promptly to take defendant before a commissioner for arraignment.

Rule 41(e) of the Federal Rules of Criminal Procedure, under which this motion is apparently made, provides that, "A person aggrieved by an unlawful search and seizure may move * * * to suppress for use as evidence anything so obtained * * *."

Confessions obtained as a result of an unlawful search and seizure have been suppressed under this rule. United States v. Pollack, D.C.N.J. 1946, 64 F.Supp. 554; Nueslein v. District of Columbia, 1940, 73 App.D.C. 85, 115 F.2d 690. The confession here, however, was not obtained during or as a result of an illegal search or seizure but was obtained from the defendant about 19 hours after his arrest and after questioning by Secret Service Agents. It cannot be considered the thing "found" as

the confession was termed in Nueslein **v.** District of Columbia, supra.

No provision is made in the rules for pre-trial suppression of evidence obtained by means deemed illegal for reasons other than unlawful search and seizure. The practice seems to have been to determine the question of admissibility at the trial and not upon a pre-trial motion. United States v. Lydecker, D.C. 1921, 275 F. 976; see also 1 A.L.R.2d 1013. A departure from this practice, however, was made in the case of In re Fried, 2 Cir., 1947, 161 F. 2d 453, 1 A.L.R.2d 996, where it was held by the concurrence of Judge Learned Hand and Judge Frank that a confession shown to have resulted from constitutional violations should be suppressed on motion before indictment. Judge Frank would have gone further "to order pre-indictment suppression of any confession obtained by means of an infraction either of the Constitution or of a statute regulating the federal police." 161 F.2d at page 465. Judge Augustus N. Hand dissented on the basis of precedent and the argument that district attorneys would be burdened by opposing motions to suppress confessions in advance of trial. The purpose behind the majority view seems to have been to prevent the obtaining of an indictment based on evidence procured in violation of the constitution and the damage to reputation that would ensue. For such a contention there is most persuasive argument, as Judge Frank forcefully demonstrates. However, the argument for suppression of the confessions based on the McNabb doctrine, it would seem, should be made the basis of an objection at the trial according to previous practice and not the basis of a pre-trial motion. Moreover, a distinction between this case and In re Fried, supra, is that here an indictment has already been returned; damage to defendant's reputation by an indictment obtained through the use of unconstitutionally procured evidence cannot now be prevented; no relief could be afforded now which could not be granted at the trial. Thus the circumstances of this case do not seem to be governed by the holding of In re Fried, supra.

The court is of the opinion that the procedure urged by this motion would place a burden upon the court and the district attorneys in litigating the admissibility of a confession in advance of trial, far outweighing the advantage to the defendant of a possible withdrawal of the charge should the motion prove successful. See 60 Harv.Law Rev. 1145, 1150. In choosing between a questionably necessary extension of the protection of the rights of the individual and an avoidable hampering of the processes of criminal prosecution, it would seem the part of wisdom to select that alternative which at once respects the rights of the individual and does not shackle the right of the general public to speedy determination of criminal charges. The issue can be and is usually resolved by the trial court out of the hearing of the jury at the time introduction of the alleged confession is proposed. To depart from this customary practice in the absence of an amendment to the Federal Rules of Criminal Procedure or a decision binding upon this court does not seem advisable under the circumstances here presented.

The motion will be denied. An order in conformity with this opinion may be submitted.