UNITED STATES v. NOBLES.

Cr. A. 375-52.

United States District Court
D. New Jersey.
Dec. 19, 1952.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Francis J. Tarrant, Jersey City, N. J., for plaintiff.

Thomas F. Carlin, Jersey City, N. J., John J. Langan, Jersey City, N. J., for defendant.

HARTSHORNE, District Judge.

In a proceeding entitled as above, Nobles has filed his verified petition "for the suppression of any and all evidence of whatever nature obtained directly or indirectly by reason of a search and seizure of one Chrysler 1949 Town and Country automobile bearing the State registration NR 48 B, and for the return of said automobile belonging to Thomas Noble forthwith * *." The alleged ground is that the car was seized without reasonable cause, in violation of petitioner's rights under the Fourth and Fifth amendments of the United States Constitution. The petition was verified December 9, 1952, alleging the seizure November 25, 1952. No such cause as so entitled then existed.

Nor does any such cause now exist. The day after such petition was sworn to, and the very day the above order to show cause was obtained, the Grand Jury returned an indictment entitled United States of America v. Thomas Nobles, charging him, the petitioner here, with six violations of the Narcotic Drugs Import and Export Acts, Title 21 U.S.C.A. § 174. But each of such violations are alleged to have occurred on days preceding the above seizure.

Not only so, but it is agreed that such seizure did not result in finding any evidence of any violation of law by either petitioner Nobles, the owner of the car, or involving the car itself, at the time of such seizure. The Government says its sole purpose in seizing the car was as a preliminary to libel proceedings against the car for its forfeiture as a "vehicle * * * which has been * * * used in violation of" the Contraband Articles Act, Title 49 U.S. C.A. §§ 781, 782, Title 28 U.S.C.A. § 2461. Such libel is apparently to be based, as is the above indictment, on violations preceding the car seizure in question. This libel has not yet been filed.

Furthermore, it is settled law that such a libel is not a criminal action, but a civil action at law. U. S. v. Heckinger, 2 Cir., 1947, 163 F.2d 472; U. S. ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443, re-hearing denied 318 U.S. 799, 63 S.Ct. 756, 87 L.Ed. 1163; Four Hundred and Forty-Three Cans of Frozen Egg Products v. U. S., 1912, 226 U. S. 172, 33 S.Ct. 50, 57 L.Ed. 174; Eureka Productions v. Mulligan, 2 Cir., 1940, 108 F. 2d 760; The Sarah, 1823, 8 Wheat. 391, 21 U.S. 391, 5 L.Ed. 644. Thus the present petition is not ancillary to any criminal proceeding whatever, now existing or in prospect.

Obviously, the Federal Rules of Criminal Procedure do not apply to Federal civil actions at law. Hence, the procedure authorized by F.R.Cr.P. rule 41(e), 18 U.S. C.A. for the suppression of evidence and its return, under which petitioner admits he is proceeding, is inapplicable. United States v. Tuzzo, D.C.N.J., 1949, 9 F.R.D. 466.

Nor is U. S. v. Physic, 2 Cir., 1949, 175 F.2d 338 to the contrary. In the civil libel there, defendant moved, not before the trial, as indicated by the above rule, but at the trial, to suppress the evidence, such action being held proper. However, he apparently did not do so under the above criminal rule, but only in the same way as counsel would object at any trial to the introduction of unlawful evidence.

Nor does this leave the petitioner remediless, as claimed. He can, for instance, either (1) assert his rights as claimant in the libel, when filed, or (2) apply to the Secretary of the Treasury for relief, or (3) sue the officers who seized the car in trespass. Hammel v. Little, 1936, 66 App. D.C. 356, 87 F.2d 907.

The petition will be dismissed.