**UNITED STATES** v. **BELL** et al.

G. J. No. 150-54.

United States District Court,
District of Columbia.

March 10, 1954.

On Motion for Reconsideration
April 12, 1954.

Leo A. Rover, U. S. Atty., Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Curtis P. Mitchell, Henry Lincoln Johnson, William B. Bryant, Washington, D. C., for defendants.

LAWS, Chief Judge.

Motions have been filed by Mary C. Bell, Wilbert Gross, Burnie King, Janie Owens and Barbara Towles for the return of certain moneys, automobiles, furnishings and other personal property seized by police officers. Following the seizure, the United States Commissioner dismissed proceedings against movants, but they were subsequently indicted with others by grand jury original in Criminal Case No. 211-54.

A preliminary question of procedure has been raised. The Government declares the property was seized pursuant to Section 206(b) of the District of Columbia Law Enforcement Act of 1953, P. L. 85, Chap. 159, 83rd Cong., 1st Sess., 67 Stat. 95, which provides for the forfeiture to the District of Columbia, unless good cause is shown to the contrary by the owner, of property used or to be used in carrying on or conducting any lottery, in setting up or keeping any gaming table, or in maintaining any gambling premises. Since the property was not seized and will not be used as evidence, the Government maintains, it is not subject to a motion for its return in a criminal proceeding. The movants argue their motions are authorized by Rule 41 (e) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and they would otherwise be deprived of property without due process of law.

The United States Attorney's interest in the property is at an end when it is determined the property may not be used in evidence, by motion under Rule 41(e), or that it will not be so used, as here. Rule 41(e) provides that when a motion by a person aggrieved by an unlawful search and seizure for the return of property and to suppress evidence has been granted, "* * * the property shall be restored unless otherwise subject to lawful detention * * *." The District of Columbia asserts an independent interest in holding the property as preliminary to libel proceedings for its forfeiture, and thereby makes the property "otherwise subject to lawful detention". Since a libel is a civil action at law, not a criminal action, the Federal Rules of Criminal Procedure do not apply. United States v. Nobles, D.C.N.J. 1952, 109 F.Supp. 8; United States v. Tuzzo, D.C.N.J.1949, 9 F.R.D. 466. The District of Columbia is not a party to the criminal proceedings, nor can it be made a party by these motions. The motions for return of property are accordingly inappropriate.

Defendants are not without remedy:

(1) They may apply for administrative relief.

(2) They may sue the officers who seized the property in trespass. Hammel v. Little, 1936, 66 App.D.C. 356, 87 F.2d 907.

(3) They may assert their rights as claimants in the libel, when filed. 28 U.S.C.A. § 2461(b) provides:

"(b) Unless otherwise provided by Act of Congress, whenever a forfeiture of property is prescribed as a penalty for violation of an Act of Congress * * * in cases of seizure on land the forfeiture may be enforced by a proceeding by libel which shall conform as near as may be to proceedings in admiralty."

Unlike 49 U.S.C.A. § 781 et seq., the statute does not appear to be restricted to the forfeiture of vessels, vehicles or aircraft used to transport contraband narcotics, firearms or counterfeiting equipment. In striking out the provision in the original bill, H.R. 5312, 83d Cong., 1st Sess., which as amended became the District of Columbia Law Enforcement Act of 1953, supra, that forfeitures under the subsection were to be enforced by proceedings in this Court as provided in Chapter 163, 28 U.S.C.A. § 2461 et seq., and substituting provisions for disposition of the property and protection of bona fide liens, the Act did not specify any procedure for effecting forfeiture. Chapter 163 may therefore still be applicable.

(4) They may also be able to proceed by way of other suits in which the Municipal Government and any other claimants interested in the property may be named as parties. Cf. 28 U.S.C.A. § 2463.

■ The decision of this Court, however, is confined to holding that upon objection property seized by officers which may be forfeited to the District of Columbia under Section 206(b) of the District of Columbia Law Enforcement Act of 1953, supra, may not be recovered by motion filed in a criminal case.

The motions will accordingly be denied without prejudice.

### On Motion for Reconsideration of Motion for Return of Property.

By memorandum dated March 10, 1954, this Court held in this case that property seized by police officers which is subject to being forfeited to the District of Columbia Municipality under § 206(b) of the District of Columbia Law Enforcement Act of 1953, P.L. 85, Chap. 159, 83d Cong., 1st Sess., may not be recovered by motion for return of property under Rule 41(e) of the Federal Rules of Criminal Procedure. Because of its importance in the administration of justice in this jurisdiction, the Court has granted a rehearing.

■■ A motion to return property is usually incidental or ancillary to a pending criminal action, and is so closely associated with the criminal proceeding as to be deemed a part of it. Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275. The Courts however have also recognized that a motion to return property may be instituted as a summary, independent and plenary proceeding, separate and distinct from a criminal cause, as where the movant is a stranger to the litigation, Go-Bart Importing Company v. United States, 1931, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374, or where, as here, the motion has been filed before there is any indictment or information against the movant, Burdeau v. McDowell, 1921, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048; Perlman v. United States, 1918, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950, based on the inherent power of the Court to discipline one of its officers whenever he has in his possession or under his control any property illegally withheld from its owner, Centracchio v. Garrity, 1 Cir., 1952, 198 F.2d 382, certiorari denied 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672, and cases cited. See Note, 156 A.L.R. 1207. Jurisdiction of the Court has been noted whether initiated by motion, petition, or bill in equity. Goodman v. Lane, 8 Cir., 1931, 48 F.2d 32.

■ Upon further consideration, therefore, the Court concludes the averment by the United States Attorney in this case that property sought in a motion for its return may not or will not be

used in evidence is not sufficient answer to defeat a proceeding by such motion. The Court now must determine whether the property is in fact in the custody or control of an officer of the Court, and what effect shall be given to the forfeiture provisions of the Law Enforcement Act, supra.

The prosecuting officer has filed an affidavit that the United States Attorney's Office has no custody, possession or control of the property, having issued a release to the Property Clerk of the Metropolitan Police Department, who has the custody and possession. The Property Clerk, however, by statute is subject to an order of the Court to return property taken as feloniously obtained or the proceeds of crime. D.C.Code, § 4-157. Even where implements of gambling seized by police officers are to be brought to the office of the Board of Commissioners of the District of Columbia, D.C.Code, § 4-145, it does not appear that in McDonald v. United States, 1948, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153, where the Supreme Court held that a motion for return of property should have been granted, any procedural objection was made that the property was not subject to the orders of this Court. It will be further noted that in the McDonald case the property was seized without a search warrant, while in the present case the property was apparently seized pursuant to judicial process. Property seized under warrant is to be delivered to the marshal, an officer of the Court. D.C.Code, § 23-302. It would be anomalous where, as here, either the marshal or police officers may seize certain property, only one may be subject to the order of the Court. The Court concludes, therefore, it has jurisdiction to order a return of the property. The memorandum of March 10, 1954, accordingly will be rescinded.

Under Rule 41(e) of the Federal Rules of Criminal Procedure, property unlawfully seized is to be restored by order of Court "* * * unless otherwise subject to lawful detention". As an officer of the Court, the United States Attorney has properly advised the Court that the property may be subject to forfeiture to the District of Columbia under the Law Enforcement Act, supra. Since the Act provides for forfeiture "* * * by order of any court having jurisdiction * * *", however, title does not vest in the District of Columbia until such decree of the Court. No formal claim for forfeiture has been made. In such a case, the Court believes, it should first inquire whether the initiation of forfeiture proceedings has been unduly delayed. Cf. In re No. 32 East Sixty-Seventh Street, Borough of Manhattan, City of New York, 2 Cir., 1938, 96 F.2d 153. The legality of the seizure of property should ordinarily be determined upon proceedings for forfeiture as the proper and orderly procedure, and not by summary motion for return of the property. In re Behrens, 2 Cir., 1930, 39 F.2d 561. However, to deny the relief sought "* * * leaves the property owner unduly at the mercy of a procrastinating officer. If forfeiture is to be sought, no reason appears for delay, and every consideration of fairness and of economy requires promptness." Id., 39 F.2d at 564. See also In re Brenner, 2 Cir., 1925, 6 F.2d 425; Standard Carpet Co. v. Bowers, D.C.N.Y., 1922, 284 F. 284. In the four cases last mentioned, the Court established a procedure which appears reasonable to follow in this case. It ordered return of the property unless proceedings for forfeiture were instituted within a stipulated time or, in the event a long period of time had passed without any steps to bring about a forfeiture, ordered the return forthwith.

In this case, the Court is advised the District of Columbia Municipality has had notice of two motions in this case for more than sixty days and of three motions for more than fifty days. Under the circumstances an order will be entered that the property be returned unless within five days after order entered, a libel for forfeiture thereof has been filed.