**Julius WINOKUR, Petitioner,**

v.

**Harold B. A'HEARN, Director of Internal Revenue, and City of New York, Respondents.**

United States District Court
S. D. New York.
Jan. 23, 1956.

Engelman & Hart, New York City, for petitioner on the motion.

Paul W. Williams, U. S. Atty. for the Southern District of New York, New York City.

Teresa S. Reardon, Asst. U. S. Atty., Jackson Heights, N. Y., of counsel, for Mr. A'Hearn.

Peter Campbell Brown, Corp. Counsel, New York City, for the City of New York.

DAWSON, District Judge.

The primary issue raised by this motion is whether a person, believing himself to be entitled to certain credits in the hands of a third party which have been distrained by the Director of Internal Revenue, can have the respective rights of the parties determined in a summary proceeding brought on by an order to show cause.

This motion, brought on by an order to show cause, directed the respondents to show cause why certain warrants of distraint dated between June 2, 1952 and April 29, 1953 should not be quashed, insofar as they prevented respondent City of New York from paying to petitioner the sum of $3,753.61.

This is a three-way situation in which the City is merely a stakeholder since it admits liability to someone. It appears that the City contracted on October 16, 1952 with Theodore DeKroney and Sadie DeKroney, doing business as Winn Electrical Co. (hereinafter called "Winn"), for the installation of a siren system for $13,997. On December 10, 1952, Winn assigned to petitioner all sums due under the contract, and the assignment was duly filed in the lien docket of the City and consented to by its Department of Public Works. Winn suffered financial difficulties and was able to complete the contract only by the furnishing of additional funds by the sureties on its performance bond.

The City has paid to petitioner $10,223.39 and has available for payment the balance of $3,753.61. The warrants of distraint, together with a notice of levy and of tax lien, were filed by the Director of Internal Revenue with the City, the Register of New York County, and the Clerk of this Court on May 5, 1953 asserting a lien on the funds held by the City and based upon nonpayment of taxes by Theodore and Sadie DeKroney, the principals of Winn.

The Director of Internal Revenue claims the proceeds of the contract by

virtue of the delivery of the assessment lists prior to December 10, 1952; the petitioner claims that he is entitled to the proceeds by virtue of the assignment to him of that date. Incident to these issues is the question as to whether the petitioner gave only antecedent value for the assignment and, therefore, whether petitioner can be considered a "purchaser" under 26 U.S.C. (I.R.C.1939) § 3672 (a). See 26 U.S.C. § 7851(a) (6) (B). There are contested, and in fact inconsistent, allegations in the papers on the point as to whether the petitioner gave present consideration for the assignment. Also, there may be an issue of fact as to whether Winn was insolvent at the date of the assignment. See 31 U.S.C. § 191.

It is apparent that there are in this case contested issues of fact which cannot be decided on affidavits in a summary proceeding. There is no contention that the respondent Director acted arbitrarily or acted beyond the apparent scope of his duties and authority. Under the circumstances, this Court should not assume to decide the issues here presented on the papers submitted on this motion, but the petitioner should follow the procedure laid down by the statute. Goldman v. American Dealers Service, 2 Cir., 1943, 135 F.2d 398; In re Behrens, 2 Cir., 1930, 39 F.2d 561. The case of Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620 relied upon by petitioner is not in point because there the summary proceeding was upheld where there were no contested issues of fact, but only an issue of law.

There is a procedure provided in the Internal Revenue Code for the determination of the issues here involved. See 26 U.S.C. §§ 7403, 7424. In such a proceeding, all parties having an interest can be brought before the Court, the issues can be framed, and the facts determined in accordance with recognized court procedure.

The motion is denied.

So ordered.