**FINE FASHIONS, INC., Petitioner,**

v.

**Kenneth W. MOE, District Director of Internal Revenue for Upper Manhattan District, New York, United States of America, and Linde Factors Corp., Respondents.**

United States District Court
S. D. New York.

April 21, 1959.

548

Wallstein, Menschel & Wallstein, New York City, for petitioner.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City, for respondents, Kenneth W. Moe and United States, Renee J. Ginsberg, Asst. U. S. Atty., New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is a summary proceeding brought on by order to show cause in which petitioner Fine Fashions, Inc. seeks to quash a levy and demand served upon respondent Linde Factors Corp. by respondent Moe, as District Director of Internal Revenue. Petitioner also seeks an order restraining the District Director and respondent United States from any further proceedings against Linde Factors Corp. with respect to certain sums alleged to be in the hands of Linde which the District Director claims are owing to a delinquent taxpayer, Penn Garment Company, and petitioner claims to be owing to it, and to restrain respondent Linde from paying such sums to the District Director.

The United States and the District Director move to dismiss the proceeding because no complaint has been filed as required by Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C. The sole issue raised by the motion is whether, under the circumstances, petitioner may maintain a summary proceeding for the relief which it seeks, or whether it is required to proceed by a plenary civil action in this court.

The petition alleges, in substance, the following:

Penn Garment Company (the delinquent taxpayer) had a contract to supply garments to the Philadelphia Quartermaster Depot but lacked sufficient funds to purchase the cloth necessary to fulfil the contract. Solely as an accommodation, and without profit to itself, Fine Fashions agreed to aid in obtaining financing for Penn by purchasing the necessary cloth and turning it over to Penn. To carry out this arrangement Penn executed an assignment of all its receivables under the Quartermaster contract to respondent Linde Factors Corp. The assignment from Penn to Linde was filed with the appropriate government authorities. Linde advised Fine that it was understood that the purpose of the assignment was to accumulate funds to pay for the cloth Fine had purchased to fulfil the contract, and that Linde would release funds received under the assignment to Penn Garment Company only on the written authorization of Fine's agent, until the cloth had been fully paid for.

From time to time Fine authorized Linde to release funds to Penn to meet

its payroll but Linde was always instructed to retain sufficient funds so that the supplier of the cloth could be paid instalments on the price as they became due.

Linde, it is alleged, now has a balance of $6,400 received pursuant to the assignment, and according to its arrangement with Fine should pay this sum to Fine since Fine's obligations for cloth received by Penn now far exceed the sum in the hands of Linde.

The District Director seeks to collect taxes claimed to be due and owing from Penn. Acting under color of 26 U.S.C. § 6331 he served a notice of levy and final demand upon Linde. The notice of levy stated that "all property, rights to property, monies, credits, * * * now in your possession and belonging to this taxpayer [Penn] (or with respect to which you are obligated) and all sums of money or other obligations owing from you to this taxpayer are hereby levied upon and seized * * * and demand is hereby made * * * for such * * sum as you may be indebted to him * * * ".

The final demand subsequently served on Linde reiterated the demand contained in the notice of levy and directed Linde's attention to 26 U.S.C. § 6332, which requires any person who is obligated to make payments to a delinquent taxpayer to make such payments to the District Director upon levy, or render himself personally liable to the Director for the amount of such obligation and interest.

Petitioner Fine Fashions thereupon made demand upon the District Director that he release the sums allegedly due it from the levy, but the Director refused so to do and reasserted his right to collect these sums as due and owing to the delinquent taxpayer, Penn, rather than to the petitioner.

In this summary proceeding the petitioner seeks a final adjudication of the respective rights of the petitioner and the respondents to payment of Linde's obligation arising out of the assignment by Penn, and the surrounding transactions.

It is well-settled that when property belonging to A is levied upon to satisfy a tax obligation of B, A is not without remedy but may seek redress in the federal courts. While 26 U.S.C. § 7421 and 28 U.S.C. § 2201 (and see 26 C.F.R. § 601.104(c) (2) as revised Jan. 1958) forbid the courts to enjoin the collection of taxes or to grant declaratory relief under certain circumstances, the courts have found an exception to these provisions and an action may be maintained by a third party whose property is being unlawfully taken for appropriate relief. Holland v. Nix, 5 Cir., 214 F.2d 317; Tomlinson v. Smith, 7 Cir., 128 F. 2d 808; Jones v. Kemp, 10 Cir., 144 F.2d 478; Shelton v. Gill, 4 Cir., 202 F.2d 503; Rothensies v. Ullman, 3 Cir., 110 F.2d 590; Long v. Rasmussen, D.C.D. Mont., 281 F. 236; Szerlip v. Marcelle, D.C.E.D.N.Y., 136 F.Supp. 862; Seattle Association of Credit Men v. United States, 9 Cir., 240 F.2d 906; Stuart v. Chinese Chamber of Commerce, 9 Cir., 168 F.2d 709; Hoye v. United States, D.C.S.D.Cal., 109 F.Supp. 685. See Communist Party, U.S.A. v. Moysey, D.C.S.D. N.Y., 141 F.Supp. 332.

Whether such remedies stem from an exception implied by the courts or from a statute of long standing which is now 28 U.S.C. § 2463, is by no means clear from the decided cases dealing with the subject. Cf. Holland v. Nix, supra, ("equitable principles which permit suits to restrain collection where the exaction is illegal", 214 F.2d at page 320) with Rothensies v. Ullman, supra (jurisdiction based on predecessor of § 2463, 110 F.2d at page 591). 28 U.S.C. § 2463 provides:

"All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

I do not think that either § 2463, or any implied exception to 26 U.S.C. § 7421 and 28 U.S.C. § 2201, gives this petitioner, under the circumstances of this case, the option of summarily proceeding to obtain a final adjudication as to the respective rights of the parties to obtain payment of Linde's obligation under the assignment rather than proceeding to have such rights determined in a civil action brought in the normal course.

In considering § 2463 this circuit has repeatedly held that a party in the position of Fine, who claims to be entitled to recover money or property to which governmental authority asserts a claim or lien, is not entitled to adjudication of its rights in a summary proceeding where other and more orderly relief can be afforded. In re Behrens, 2 Cir., 39 F.2d 561; Standard Carpet Co. v. Bowers, D. C.S.D.N.Y., 284 F. 284; Goldman v. American Dealers Service, 2 Cir., 135 F.2d 398; and see Westheimer v. Collector of Internal Revenue, D.C.S.D.N.Y., 12 F.Supp. 20.

These cases do not deny the *power* of the District Court to grant summary relief of a limited nature under appropriate circumstances but they severely circumscribe the area of discretion within which such relief should be granted.[1]

The Third Circuit cases relied upon by the petitioner, Raffaele v. Granger, 3 Cir., 196 F.2d 620, and Rothensies v. Ullman, supra, and particularly the former, are seemingly inconsistent with this view. However, the essence of the holdings of these cases goes to the *power* of the court to proceed summarily and they throw little light on the circumstances under which such power should be exercised as a matter of discretion. Cf. In re Brenner, 2 Cir., 6 F.2d 425.

The levy and demand in the case at bar was made pursuant to the Internal Revenue Act of 1954 (26 U.S.C. § 6331).

This case is therefore in a somewhat different posture from the cases in this circuit which have been referred to. Here it seems that if Linde voluntarily paid the Director in response to the levy and demand Linde would be protected from any suit against it by Fine on the alleged obligation. Determan v. Jenkins, D.C.N.D.Ga., 111 F.Supp. 604. Under such circumstances there would be no necessity for other legal action by the District Director in order to perfect his claim in which petitioner Fine would have the right to have its claim adjudicated.

However, the petitioner Fine was fully at liberty to commence a plenary action to quash the levy and to enjoin its enforcement and thus to obtain a full adjudication of its rights to be paid these sums in an orderly fashion after trial of any issues which might exist as to this somewhat complicated set of facts.

The cases in this circuit which deny summary relief go upon the theory that the petitioner has another remedy. Where summary relief is granted it is limited to a direction that the Government bring forfeiture or similar proceedings against the property claimed by the petitioner in which petitioner's rights can be adjudicated. The cases have been careful so to limit the relief summarily granted and not to attempt a summary final adjudication of the respective rights of the claimant and the Government authority to the property. Goldman v. American Dealers Service, supra; In re Behrens, supra; Standard Carpet Co. v. Bowers, supra.

It may be noted that in the recent cases which involve § 2463 (with the exception of Raffaele) the actions in which a *final adjudication* of the claimants' rights was made were ordinary civil actions commenced by filing a complaint. See Seattle Association of Credit Men v. United

---

1. All of these cases arose under statutes which made it necessary for proceedings to be brought by the Government either by way of forfeiture, condemnation or otherwise before any disposition could be made of the property in which the claimant could have his claims to the property fully adjudicated. See, e. g. Goldman v. American Dealers Service, 2 Cir., 135 F.2d 398. See, also, Westheimer v. Collector of Internal Revenue, supra.

States, supra; Schweinler v. Manning, D.C.D.N.J., 88 F.Supp. 964; National Iron Bank v. Manning, D.C.D.N.J., 76 F. Supp. 841; Colorado Milling & Elevator Co. v. Glenn, 118 F.Supp. 943; Union Planters National Bank v. Godwin, D.C. E.D.Ark., 140 F.Supp. 528. Cf. Winokur v. A'Hearn, D.C.S.D.N.Y., 172 F.Supp. 498. Indeed, the leading case of In re Fassett, 142 U.S. 479, 12 S.Ct. 295, 35 L.Ed. 1087, involving the predecessor to § 2463, seems to have been a suit in admiralty brought in the usual manner.

■ It may well be that it is within the discretion of the court to grant final relief on a summary petition when the seizure is totally without warrant of law. The facts of the Raffaele case were admitted and the court found the legal position taken by the District Director totally devoid of merit. In such "an obviously proper case" a summary disposition may be called for.[2] The citation in Raffaele of In re Behrens, supra, lends support to this conclusion since Behrens specifically disapproves of summary proceedings in the normal case.

Judge Frank in Goldman v. American Dealers Service, supra, went even further and indicated that Behrens stands for the proposition that absent an undue delay in obtaining a final adjudication as to the disposition of the property seized, "the court cannot pass on the merits, i. e., cannot determine whether the seized articles * * * were * * * lawfully seized * * *." (135 F.2d at page 400.)

Here, since remedy by way of plenary action is available to petitioner, there is no necessity for the intermediate steps by way of summary proceeding to set in motion the legal machinery by which his rights can be adjudicated. There is therefore no reason for the court to undertake a summary adjudication of the far from simple issues presented by the transactions between Fine, Penn and Linde.

■ The questions in the instant case are "not so clear as it must be for such an extraordinary remedy as this". Learned Hand, D. J., in Sims v. Stuart, D.C.S.D.N.Y., 291 F. 707, 708. Thus, even if there be power in the court to entertain a summary proceeding, the factual situation and the questions of law which may arise should not be summarily decided. These issues should be determined in a civil action for relief by way of injunction or declaratory judgment or both. In such an action the plaintiff may also obtain such preliminary relief as will protect its rights pending final adjudication. This remedy is prompt and expeditious and there is no compelling reason why the court should permit extraordinary relief by way of summary proceeding.

■■ One further consideration militates against the conclusion that petitioner should be permitted to obtain relief by summary proceeding. The predecessor to § 2463 was early considered in Treat v. Staples, 25 Fed.Cas. page 161, No. 14162. It was there said that the statute was designed to aid the collection of federal taxes by preventing replevy under state law of property seized by the collector. For this reason the remedy of replevin was denied to the claimant by the statute since the property was "deemed" to be in the custody of the federal courts. However, the party aggrieved was provided a remedy in return for the one taken away by the statute. He could apply to the federal courts to compel an adjudication of his rights under the circumstances that I have previously indicated.

■ But here, although the petition alleges that the "funds" held by Linde are the "property" of the petitioner, nowhere does it appear that there is specific identifiable personalty involved or any "fund" or "res". The existence of such personalty, or, at least, a res, has always been necessary in order for replevin to lie. See 77 C.J.S. Replevin § 9. The facts here indicate that Linde owes Fine a debt and there is no indication of a res. Thus, the present proceeding is not one

2. In Winokur v. A'Hearn, supra, Judge Dawson so interprets the Raffaele case.

to recover possession of specific identifiable personal property as envisaged by the statute since whatever remedy is granted by the statute is merely a substitute for replevin. It would be anomalous to hold that under the circumstances of this case § 2463 authorized summary relief.

The Government's motion to dismiss the summary proceeding is therefore granted and the petitioner is relegated to his remedies in an appropriate civil action.

Settle order on ten days' notice.