**Rosa H. PEAK, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 79–1243.**

District of Columbia Court of Appeals.

Argued July 9, 1980.

Decided Sept. 9, 1980.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

Gene R. Johnson, Washington, D.C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee. Charles F. C. Ruff, U.S. Atty., and John A. Terry and Sylvia A. Royce, Asst. U.S. Attys., Washington, D.C., entered appearances on behalf of appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

PER CURIAM:

Pursuant to a bargain with an Assistant United States Attorney, appellant pled guilty to the offense of maintaining a gambling premises. D.C. Code 1973, § 22–1505. The stipulated plea agreement was signed by counsel for the parties and the trial judge. A part of the plea bargain was that $750 of the money seized in a search of the premises was to be returned to appellant by the United States and the remainder forfeited to the District of Columbia Government. However, the money seized had been given to the District of Columbia property clerk who refused to release any part of it. When the court ordered the $750 returned to appellant, the District of Columbia, through the Corporation Counsel, appeared in the action, having in the meantime filed a civil libel action. The District's position, with which the court finally agreed, was that the Assistant United States Attorney had exceeded his authority in agreeing to return the money to appellant since only the Corporation Counsel's office could consent to the release of money seized in a gambling raid.

Appellant argues on appeal that the District had no right to retain the money seized unless and until a libel action was filed in court pursuant to D.C. Code 1973, § 22–1505(c)(3), which reads in pertinent part:

All moneys, . . . or other things of value used or to be used—

\* \* \* \* \* \*

(3) in maintaining any gambling premises, shall be subject to seizure by any member of the Metropolitan Police force, or the United States Park Police, or the United States marshal, or any deputy marshal, for the District of Columbia, and any property seized regardless of its value shall be proceeded against in the Superior Court of the District of Columbia by libel action brought in the name of the District of Columbia by the Corporation Counsel or any of his assistants, and shall, unless good cause be shown to the contrary, be forfeited to the District of Columbia and shall be made available for the use of any agency of the government of the District of Columbia, or otherwise disposed of as the Commissioner of the District of Columbia may, by order or by regulation . . . .

 The District argues (and the United States concurs) that the United States Attorney had no power to authorize the return of the $750 to appellant. It relies on the statute, which places the responsibility on the District to libel money seized in illegal gambling and, as the trial court did, on *District of Columbia v. Ray*, D.C.App., 305 A.2d 531 (1973).

The statute mandates that the District shall proceed in a libel action against any property seized in a search of a gambling premises. Implicit in this statutory command is that the property shall not be released without the consent of the Corpora-

tion Counsel unless and until a court orders otherwise.

 Appellant relies upon *United States v. Wilson*, 176 U.S.App.D.C. 321, 540 F.2d 1100 (1976), and *United States v. Bell*, 120 F.Supp. 670 (D.D.C. 1954), to support her argument that the District has no right to resist the return of her property pursuant to the plea agreement if demand therefor is made before a libel action is commenced. However, those cases, decided on motion made under Fed.R.Crim.P. 41(e), hold only that the government must return forfeitable property [money] not needed as evidence or proceed promptly to initiate a libel action.*

D.C. Code 1973, § 12–301(5) sets a limitation of one year to bring an action for a statutory penalty or forfeiture. In this case, the libel action was brought two and one half months after entry of the plea—not only within a reasonable time but also well within the statutory period of limitation.

We find no error in the trial court's disposition of this case.

*Affirmed.*

---

* Indeed, the order in *Bell, supra*, was conditioned; the property was to be returned "unless within five days after order entered, a libel for forfeiture thereof has been filed." *Id.* at 673. And in *Wilson, supra* at 325, 540 F.2d at 1104, the court said, "A claim by the owner for the return of his property cannot be successfully resisted by asserting that the property is subject to forfeiture. If the property is subject to forfeiture, appropriate proceedings should be started expeditiously."