Emma Loomis **RUTLEDGE**, Plaintiff,

v.

**Robert A. RIDDELL**, as District Director of Internal Revenue of the United States Treasury Department of the United States of America, The United States of America, Vernon E. Rutledge, Defendants.

**No. 246/59.**

United States District Court
S. D. California,
Central Division.

June 23, 1960.

Walter H. Young, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Robert H. Wyshak, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

Plaintiff, Emma Loomis Rutledge, and Vernon E. Rutledge were husband and wife. They were divorced in 1949. At the time of the divorce they were the owners, as joint tenants with right of survivorship, of the property situated in Los Angeles County, California, described as follows:

Lots 4, 5 and 6 of Tract 7659, as per map recorded in Book 83, page 11 of Maps, in the office of the County Recorder of Los Angeles County, California.

In 1950 plaintiff commenced an action in the Superior Court of Los Angeles County, California, No. 571,717, against Vernon E. Rutledge, her former husband. On May 12, 1954 a judgment was rendered by the Superior Court in favor of Emma Loomis Rutledge and against Vernon E. Rutledge in the sum of $95,-910.95. Execution was obtained by plaintiff in said action and placed in the hands of the Sheriff of Los Angeles County, California, who, on May 13, 1954, levied upon the property and attached all the right, title and interest of Vernon E. Rutledge therein.

On May 17, 1954 plaintiff recorded in the office of the County Recorder of Los Angeles County, California, a certified copy of the judgment. The Sheriff of Los Angeles County was making arrangements to sell the property to satisfy the judgment when he was restrained from so doing by order of the Federal court.

On May 24, 1954, some twelve days after plaintiff had obtained judgment in action No. 571,717 and some seven days after the judgment had been filed of record with the County Recorder of Los Angeles County, California, defendant Robert A. Riddell, as District Director of Internal Revenue, filed notice of tax liens under Federal revenue laws for income tax of Vernon E. Rutledge due and owing in the amount of $30,434.68 for the calendar year 1953.

On June 10, 1954 a petition in involuntary bankruptcy was filed in the District Court of the United States, for the Southern District of California, in the matter of Vernon E. Rutledge, alleged bankrupt, and on July 14, 1954 Vernon E. Rutledge was adjudged a bankrupt. One, H. M. Gerson, was appointed Receiver. Subsequent to his appointment as Receiver, H. M. Gerson filed a petition to restrain the sale of the above described property under the aforesaid writ of execution, and on June 25, 1954 the Honorable Leon R. Yankwich, a Judge of this court, made an order to the effect that the Sheriff of Los Angeles County deliver to the Receiver the above described property. It was provided in said order that nothing therein should be deemed to affect, prejudice or determine any claim which Emma Loomis Rutledge might have in the bankrupt's estate. In accordance with said order the property above described was transferred to the Receiver.

Thereafter Emma Loomis Rutledge filed in the bankrupt's estate a claim for $256,864.70. A dispute arose between Mrs. Rutledge and the Trustee as to the validity of her claim. A compromise was made between the Trustee and Mrs. Rutledge. It was agreed that her claim be reduced to the sum of $97,619.24 and that the property be sold by the Trustee. The Trustee subsequently filed with the bankruptcy court a petition to compromise the claim of Emma Loomis Rutledge, in accordance with their agreement.

The petition set forth that the bankrupt and Emma Loomis Rutledge owned the above described property as joint tenants, which property could be sold for the sum of $65,000; that if the property were sold for that sum, after payment of liens, encumbrances and expenses of sale, there would remain in the hands of the Trustee the sum of $41,479.19, and that said property was subject to a tax lien in favor of the Director of Internal Revenue in the sum of $30,434.68. The petition set forth an allegation that Mrs. Rutledge should obtain all the proceeds from the sale of the property, subject only to the claim of the District Director of Internal Revenue for taxes in the sum of $30,434.68.

As a result of the petition to compromise, on the 17th day of April, 1956 the Referee in Bankruptcy made his order approving the compromise, which order set forth that the claim of Emma Loomis Rutledge filed in the bankruptcy proceedings should be allowed only in the sum of $97,619.24 and disallowed as to any balance thereof. The order also provided in part as follows:

"Ordered that out of the net proceeds from the sale by the Trustee of the real property formerly standing in joint tenancy in the names of the above named bankrupt and Emma Loomis Rutledge, the Trustee shall set aside the sum of $30,434.68, being the amount of the tax lien in favor of the Director of Internal Revenue, transferred from the said real estate to the proceeds from the sale thereof; the balance of said net proceeds, to-wit, the sum of $11,-044.51, shall be paid by the said Trustee to Emma Loomis Rutledge forthwith; * * *."

The order further authorized Walter H. Young, attorney for Emma Loomis Rutledge, to bring any proceedings "as might be appropriate" to test the validity of the tax lien claimed by the District Director of Internal Revenue and provided that in the event it should be finally determined the amount of taxes actually due was less than $30,434.68, such sum found not to be due should be paid to Emma Loomis Rutledge. In accordance with the order to compromise and pursuant to the sale of the property, the aforesaid sum of $11,044.51 was paid to Mrs. Rutledge, and the Trustee retained in his possession the sum of $30,434.68 awaiting determination of the amount actually due the government on its tax lien.

Thereafter Emma Loomis Rutledge filed a petition in the bankruptcy proceedings to determine the validity and priority of the United States tax lien, alleging her former husband had in fact a net operating loss for the year 1954 which loss should have been carried back to the years 1953 and 1952; that in carrying the loss back to the year 1953, no income tax would be due from the bankrupt to the United States for the year 1953 as asserted in its tax lien.

Before the petition to determine the validity and priority of the tax lien as filed by Emma Loomis Rutledge could be heard, the bankrupt made a composition with his creditors and, as a result of said composition, filed with the bankruptcy court a petition to dismiss the bankruptcy. Although Emma Loomis Rutledge was not one of the creditors with whom the composition was made, she nevertheless consented to dismissal of the bankruptcy proceedings.

To dismiss the bankruptcy proceedings, it was necessary that the Referee make some order relative to the petition filed to determine the validity and priority of the tax lien and to remove from the Trustee's possession the aforesaid sum of $30,434.68 which was being held, awaiting determination of the amount due under the tax lien. As a consequence, the Referee dismissed the petition to determine the validity and priority of the tax lien, without prejudice, and made an order that the sum being held by the Trustee as aforesaid be paid to the Director of Internal Revenue, providing as follows:

"* * * The rights of all interested parties * * *, to-wit, the rights of Vernon E. Rutledge, Emma Loomis Rutledge and the Director of Internal Revenue, as they presently exist in and to the said money in the possession of the Trustee, are hereby transferred with full force and effect, and without prejudice, to the said money in the possession of the Director of Internal Revenue when payment is made to him by the said Trustee."

Subsequent to said order the Trustee paid the aforesaid sum to the Director of Internal Revenue, the bankruptcy proceedings were dismissed and the Trustee discharged.

After dismissal of the bankruptcy proceedings and discharge of the Trustee,

Emma Loomis Rutledge then commenced the action at bar. In her complaint she alleged substantially the facts as set forth above. She filed the action against Robert A. Riddell, as District Director of Internal Revenue of the United States Treasury Department, and against the United States of America (later dismissing other defendants named in the complaint), alleging defendants Robert A. Riddell and the United States of America did not have any right, title or interest in and to the aforesaid sum of $30,434.68 and demanding this Court enter a judgment that said defendants did not have any right, title, claim or interest in and to the aforesaid sum.

### Jurisdiction

The government contends in the action at bar that this court does not have jurisdiction to pass upon the controversy herein involved. It is the government's position that although Robert A. Riddell, as District Director of Internal Revenue, is named a party to the action this is, nevertheless, in fact and reality a suit against the United States of America and there is no authority to bring an action against the United States under the circumstances outlined above.

Plaintiff brings this action under Title 28 U.S.C. Sections 1340, 1346 and 2463. In discussing these sections, the Third Circuit in First National Bank of Emlenton, Pennsylvania v. United States, 265 F.2d 297, at page 299, said:

"Section 1340 of Title 28 is merely the general grant of jurisdiction to district courts to entertain actions of a certain class; namely, 'any civil action arising under any Act of Congress providing for internal revenue * * *.' Neither on its face or by reasonable implication does this language express any consent of the United States to be sued. * * *

"Appellant next contends that this is a 'civil action against the United States for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected * * *.' 28 U.S.C. § 1346 (a)(1). But the language of that section is reasonably to be read as merely authorizing a taxpayer, or perhaps someone claiming in the interest of a taxpayer, to sue to get back taxes which the taxpayer has wrongfully been required to pay. * * * Appellant does not and cannot claim that he is an aggrieved taxpayer or that he is asserting a claim in the interest of any such person. Thus, this is not the type of claim with which Section 1346(a)(1) is concerned.

"Nor does Section 1346(a)(2) help appellant. That subsection is the Tucker Act provision for contractual actions against the United States. The Supreme Court has held that a contract sued upon under this section, if not express, 'must be one implied in fact and not one based merely on equitable considerations and implied in law.' [Citations.] There is no suggestion here that the United States has made any express or implicit agreement with the appellant, for breach of which this action has been brought. From the beginning the government and the bank have acted as independent creditors of Barrett Machine Tool Corporation, each trying to satisfy its claim out of property of the debtor. A government officer may have wrongfully covered into the Treasury money to which the bank was entitled, but there has never been any implied promise by the United States to satisfy the bank's mortgage.

\* \* \* \* \* \*

"Finally, appellant cites the provision of 28 U.S.C. § 2463 that '[a]ll property taken or detained under any revenue law of the United States shall not be replevieable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.' That section may have had relevancy while the property

upon which plaintiff held a chattel mortgage was held by a district director pursuant to a tax levy. [Citation.] But after the property was sold and the proceeds of the sale covered into the Treasury it was no longer possible to point to any 'property taken or detained under any revenue law of the United States' which should 'be deemed to be in the custody of the law' and subject to judicial jurisdiction. Indeed, the present suit does not purport to be a proceeding in rem or a request that the court exercise jurisdiction over property in the custody of law. It is merely an action in personam claiming that the government owes the appellant money and ought to pay. Section 2463 has no relevance to this proceeding."

In the foregoing case it appears the District Director seized and sold certain equipment of the taxpayer on which the bank held a valid chattel mortgage. Some of the tax liens were senior to the bank's mortgage and others were junior. The entire proceeds of the sale were appropriated to the satisfaction of the tax liens and went into the Treasury of the United States. The bank, claiming the United States was indebted to it for the amount of the lien of its chattel mortgage which was superior to the lien or claim of the District Director, commenced the action against the United States to recover the amount alleged to be due.

It must be noted in the case at bar that the plaintiff does not and cannot claim she is an aggrieved taxpayer. Her contention is that the taxes levied against her former husband were erroneously levied upon his property against which she had filed a prior lien. In these proceedings she is attempting to set forth and assert her rights.

 This Court is of the opinion that under the authority of the above-cited case it has no jurisdiction to try this action against the United States of America, as the United States has never given its consent to be sued.

So far as the action against Robert A. Riddell as District Director of Internal Revenue is concerned, the rule is different.

In Stuart v. Chinese Chamber of Commerce of Phoenix, 9 Cir., 168 F.2d 709, the Circuit Court of Appeals upheld a judgment against the Collector of Internal Revenue. In that case an individual known as "Thet" was arrested by the United States Narcotic Bureau, and a search of his premises resulted in the discovery of a safe containing some $32,000 in cash and checks. Delinquent assessments had been made against Thet for 1943 and 1944 income taxes amounting to $25,893.11 and a narcotic tax of $8,100 had likewise been assessed against him by the Collector and satisfied out of the money seized. The balance of the cash, amounting to $20,915.02, was applied by the Collector against Thet's unpaid income taxes. Thereafter the Chinese Chamber of Commerce laid claim to the money on the ground Thet had no interest therein, other than the safekeeping thereof; that he was not the owner thereof and was holding the money for and on behalf of the Chinese Chamber of Commerce.

Issue was raised in that case, as in the case at bar, that the District Court did not have jurisdiction to determine the question involved. It was the Collector's position that if the funds had been in his possession and he had not deposited them in the Treasury of the United States, it might have been possible for the court below to have directed their return; but that, since the money had been turned over to the Treasury, its recovery could be accomplished only by the filing of a claim under Section 3772 of the Internal Revenue Code, 26 U.S.C. § 3772 or in a suit against the United States under the Tucker Act based upon an implied contract. The lower court found:

"'* * * That the said fund, and the whole thereof, is in the possession of the defendant, and the said defendant has refused to deliver said fund, or any part thereof, to the plaintiff * * *.'"

The Circuit Court said, at page 711:

" \* \* \* On this state of the record we therefore are not disposed to reject or upset the findings of the court and, for the purpose of this case, sustain the finding that the Collector was in possession of the fund here involved."

Whereupon judgment of the District Court was affirmed.

In the case at bar the order of the Referee was to the effect that out of the net proceeds from the sale the Trustee was to set aside the amount of the tax lien in favor of the Director of Internal Revenue and that the balance of the proceeds from the sale were to be paid to plaintiff herein by the Trustee. Under the order as made by the Referee the Trustee retained possession of the amount of the tax lien, awaiting determination of the tax lien, paying over to plaintiff herein the aforesaid sum of $11,044.51.

The order further provided that in the event it was determined the tax lien of the United States was less than the sum claimed, the Trustee in Bankruptcy would pay to plaintiff herein the difference between the sum claimed and the amount of taxes finally determined to be due and validly secured by the lien. In accordance with the order, the Trustee retained in his possession the sum of $30,434.68, awaiting final determination of the amount of tax due from the bankrupt.

As no determination of the tax lien was made, the Referee in Bankruptcy (to effect dismissal of the bankruptcy proceedings) ordered the Trustee to pay the aforesaid sum of $30,434.86 to the Director of Internal Revenue, providing, however, that the rights of all interested parties in and to said sum were transferred, with full force and effect and without prejudice, to the money in possession of the Director of Internal Revenue. Under such order the Director of Internal Revenue obtained said sum subject to any claims which plaintiff herein had thereon.

There is nothing in the record to indicate the aforesaid sum has been transferred to the Treasury of the United States, and as far as the record discloses the Director of Internal Revenue still has in his possession said sum, subject to the claims of the respective parties. Consequently, this Court will make a finding to the effect that said sum, as encumbered, is still in the possession of the Director of Internal Revenue.

Under the authority of the Stuart case, supra, this Court has jurisdiction of the claim of plaintiff herein as against Director of Internal Revenue Robert A. Riddell.

### Plaintiff's Capacity to Maintain Action Re Tax

The government admits that except for the filing of the involuntary petition in bankruptcy the lien created by plaintiff's judgment, when she caused execution to be issued thereon on May 13, 1954, was perfected before notice of the tax lien against Vernon E. Rutledge was filed on May 24, 1954 and was, therefore, entitled to priority over the tax lien. However, the government contends plaintiff lost her priority in the bankruptcy proceedings, pointing out that upon the sale of the property and the order of the Referee to the Trustee to hold the aforesaid sum of $30,434.68 until the validity of the tax lien could be determined, it obtained an order transferring its tax lien to the proceeds of the sale of real estate and that plaintiff herein did not obtain such an order.

However, the order relative to the sale of the property and plaintiff's claim as allowed in the bankruptcy action were the result of a compromise. Pursuant to the compromise an order was made by the Referee that the claim of plaintiff be reduced from $256,864.70 to $97,619.24; that the property be sold; that out of the net proceeds of sale of the realty the Trustee was to retain the sum of $30,-434.68, being the amount of the tax lien, and that the balance thereof—the sum of $11,044.51—should be paid by the Trustee to plaintiff. In accordance with

the compromise and the order made thereon there was paid to plaintiff the aforesaid sum of $11,044.51, and there was retained by the Trustee the sum of $30,434.68. The Trustee was to retain said sum until the amount of taxes validly secured by the tax lien could be determined, and if it were found that the amount of the tax lien was less than the sum of $30,434.68, the difference between the taxes found to be validly due and the amount held by the Trustee was to be paid to plaintiff herein.

As heretofore pointed out, there has never been any determination of the validity of the government's tax lien. As far as the record discloses, the lien of the government amounts to $30,434.68, and as a consequence plaintiff herein is not entitled to the return of any part of the tax lien. Under the order she was entitled only to the difference between the amount validly due and the amount claimed as taxes. Under the record as it now stands before the Court, Vernon E. Rutledge has not filed the amended returns essential to determine the loss carry-back allegedly due.

■ After the order of compromise hereinbefore referred to, an attempt was made by plaintiff in the bankruptcy proceedings to ascertain the amount of taxes actually due, and in the case at bar plaintiff again is attempting to ascertain the amount of taxes actually due; but plaintiff has no standing to do so. As far as the record shows, the assessment was duly and regularly made; the lien was duly and regularly filed, and the only person who can question the amount due under the tax lien is the taxpayer himself—Vernon E. Rutledge. A third party—and so far as the tax liability is concerned Mrs. Rutledge is a third party—does not have standing to attack the validity of taxes assessed against a stranger. If the tax has been unlawfully assessed, the only person who can question the assessment is the taxpayer. Consequently, this Court is of the opinion that plaintiff cannot attack the validity of the tax due from her former husband.

### Plaintiff's Right of Recovery

As hereinbefore stated, when the government filed its tax lien the property described herein was held by Vernon E. Rutledge and Emma Loomis Rutledge as joint tenants. The tax lien could attach only to the interest of Vernon E. Rutledge.

Counsel herein have stipulated that the Trustee in Bankruptcy received from the proceeds of the sale of the realty $3,134.06 more than did Emma Loomis Rutledge. Inasmuch as the tax lien could in no manner affect the interest of Emma Loomis Rutledge, she was entitled to one-half of the net proceeds of the sale. As she received, in accordance with the stipulation, less than her one-half judgment should be entered in this action in favor of Emma Loomis Rutledge and against defendant Robert A. Riddell, as District Director of Internal Revenue, in the sum of $1,567.03.

As heretofore indicated, only the taxpayer can attack the validity of the tax lien. Nothing in this opinion shall be deemed to establish or alter the rights of the respective parties in the balance of funds herein involved if Vernon E. Rutledge successfully establishes that no tax was owing from him for the year 1953.

Counsel for defendant shall prepare findings of fact, conclusions of law and judgment in accordance with the rule.