**Giles E. BULLOCK and Katherine D. Bullock, Plaintiffs**

v.

**Dana LATHAN, Commissioner of Internal Revenue, and E. C. Coyle, Jr., District Director of Internal Revenue, Defendants.**

**Civ. No. 8614.**

United States District Court
W. D. New York.

Nov. 9, 1960.

Milo Thomas, Rochester, N. Y., for plaintiffs.

Neil R. Farmelo, U. S. Atty., Buffalo, N. Y., Anthony R. Palermo, Asst. U. S. Atty., Rochester, N. Y., of counsel, for defendants.

BURKE, Chief Judge.

This is an action for a declaratory judgment. The defendants move for summary judgment on the ground, among others, that the court lacks jurisdiction of the controversy.

If this be viewed as a controversy with respect to federal taxes, this court has no jurisdiction because controversies in respect to federal taxes are expressly excepted from the provisions of Section 2201, Title 28 U.S.C., relating to declaratory judgments. Jolles Foundation, Inc. v. Moysey, 2 Cir., 1957, 250 F.2d 166. If it is not an action with respect to federal taxes, this court has no jurisdiction because there is no other basis for jurisdiction.

■ The Declaratory Judgments Act confers jurisdiction on any court of the United States to render declaratory judgments in cases of actual controversy "within its jurisdiction." Section 2201, supra. The Declaratory Judgments Act does not confer jurisdiction where none exists independently. Donnely v. Mavar Shrimp & Oyster Co., 5 Cir., 190 F.2d 409, 410. No independent ground of jurisdiction is alleged in either the original complaint or in the amended complaint, unless it be an allegation in the original complaint (omitted from the amended complaint) that "this action concerns the imposition of income taxes upon plaintiffs by the defendant commissioner, and the amount in controversy exceeds the sum of $10,000, exclusive of interest and costs." No diversity of citizenship is alleged in either the original complaint or in the amended complaint. This court has never obtained jurisdiction over the defendant commissioner because he was not served with process within the State of New York, as required by Rule 4(f), Federal Rules of Civil Procedure, 28 U.S.C. Both defendants have appeared specially and in their answer have contested the jurisdiction of the court.

Moreover the action is one for specific relief directing the defendants' actions in their official capacity, viz., to compel them to make certain credits to plaintiffs' tax liabilities. Thus it is a suit to restrain and control agents of the United States in the performance of their official duties in respect to a matter as to which the United States has not waived its sovereign immunity. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; Wilson v. Wilson, 4 Cir., 141 F.2d 599.

■ In a brief filed by the plaintiffs in opposition to this motion, the plaintiffs contend that this court has jurisdiction by reason of Sections 1340 and 2463, Title 28 U.S.C., citing Wabash R. Co. v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379. In that case the court by appropriate proceedings had taken property into its possession through its officers. The Supreme Court held that during the continuance of its possession of the property the court had, as incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession or the control of the property. "The history of section 2463 plainly indicates a congressional purpose to protect that property in the revenue officer's custody and not to transfer that custody either actually or fictionally into the custody of the federal courts. * * " New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 408, 80 S.Ct. 843, 846, 4 L.Ed.2d 826. Section 2463 has no application where there is no identifiable res within the district upon which to found jurisdiction. Pennsylvania Turnpike Commission v. McGinnes, 3 Cir., 268 F.2d 65. There is no showing in this case that there is an identifiable res within the district upon which to found jurisdiction. The suit concerns certain machinery claimed by the plaintiffs to be fixtures and as such part of certain real estate owned by the plaintiffs. The machinery was sold, according to the complaint, by the defendants on November 11, 1959, several months before this action was commenced, and the proceeds of the sale credited to a tax liability owed by E. C. Brown Company, which should have been credited to the plaintiffs' tax liability, according to the plaintiffs' claim.

In claiming jurisdiction under Sections 1340 and 2463, plaintiffs overlook the fact that actions with respect to federal taxes are expressly excepted from the provisions of the Declaratory Judgments Act. If jurisdiction of the court is based upon this being an "action arising under any Act of Congress providing for internal revenue," within the meaning of Section 1340 or involving "property taken or detained under any revenue laws of the United States" within the meaning of Section 2463, obviously it must be "with respect to Federal taxes" within the meaning of the exception provided in the Declaratory Judgments Act.

I therefore find that this court has no jurisdiction of the controversy, and that the preliminary injunction herein was improvidently granted.

I conclude that the preliminary injunction dated March 14, 1960 should be and the same hereby is dissolved and vacated and that the complaint should be and is hereby dismissed.

It is hereby so ordered.