Giles E. **BULLOCK** and Katherine D.
Bullock, Plaintiffs-Appellants,

v.

Dana **LATHAM**, Commissioner of Internal Revenue, and E. C. Coyle, Jr., District Director of Internal Revenue, Defendant-Appellee.

No. 284, Docket 26703.

United States Court of Appeals
Second Circuit.

Argued May 1, 1962.

Decided July 20, 1962.

Milo Thomas, Rochester, N. Y. (Burton S. Schreiber, Rochester, N. Y., on the brief), for plaintiff-appellants.

Morton K. Rothschild, Attorney, Department of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Attorneys, Department of Justice, Washington, D. C., John T. Curtin, U. S. Atty., for the Western District of New York, Buffalo, N. Y., on the brief), for defendant-appellee.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Plaintiffs appeal from an order dissolving a preliminary injunction and dismissing the amended complaint wherein plaintiffs seek a declaration that title to certain machinery is in the plaintiff Giles E. Bullock. E. C. Coyle, Jr., District Director of Internal Revenue, was the only defendant served. He moved by motion for summary judgment to dismiss the complaint upon the grounds that the court lacked jurisdiction of the action and that, there being no genuine issues as to material facts, defendant was entitled to judgment as a matter of law. The court below held that actions with respect to federal taxes were expressly excepted from the provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201, and that jurisdiction could not be founded upon 28 U.S.C. §§ 1340 or 2463. Accordingly, the court dismissed the complaint (D.C., 198 F.Supp. 627). Appellate jurisdiction is based upon 28 U. S.C. § 1291.

The facts as disclosed by the complaint and affidavits are in substance:

On November 11, 1959, defendants to satisfy an adjudicated tax liability of plaintiffs of $101,263.32 sold real estate

owned by plaintiff, Giles E. Bullock, together with machinery and equipment therein for $103,610.00 ($61,100 being received for the real estate and $42,500 for the machinery and equipment). Defendants credited the $61,100 against the $101,262.32 due from plaintiffs but applied the $42,500 against a tax liability of a corporation, E. C. Brown Company, of which plaintiff, Giles E. Bullock, was the sole owner. Various theories of ownership of the machinery and fixtures are alleged which all lead to the complainant's conclusion that title to the machinery and fixtures was vested in Giles E. Bullock and that the proceeds of the sale should have been applied to the plaintiffs' tax liability and not to the tax liability of E. C. Brown Company. Defendants appearing specially to contest the court's jurisdiction in their answer admit applying only $60,580.83 to plaintiffs' tax and $42,362.64 to E. C. Brown Company's tax. Had defendants applied the entire amount realized against plaintiffs' tax liability, it would have been paid in full. The only real question presented is whether Giles E. Bullock or E. C. Brown Company owned the machinery and fixtures. If they were the property of Giles E. Bullock, then his property has been taken to satisfy the tax obligation of another; if the Company owned them, defendants made a proper allocation of the proceeds.

Defendants' answer challenged the jurisdiction of the court (1) because the declaratory judgment statute specifically excepts controversies "with respect to Federal taxes" (28 U.S.C. § 2201); (2) because the action seeks to restrain "the assessment or collection" of a tax (26 U. S.C. § 7421); and (3) because the action seeks to restrain agents of the United States in the discharge of their official duties. The court below held that there was no jurisdiction to hear plaintiffs' complaint and that any claim to jurisdiction under 28 U.S.C. § 1340 or § 2463 "must be 'with respect to federal taxes'" and, hence, within the exception contained in § 2201. The controversy here is not over the amount of any tax. Neither plaintiffs nor the Company contest the tax. Because there is no diversity, the court below held that if the action is not with respect to federal taxes, there is no jurisdiction "because there is no other basis".

Section 1340 (28 U.S.C.) gives to district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue * * *" This section relates to taxes, argue defendants, which brings the action back again within the exception of Section 2201. The law, however, frequently does not follow the narrow path of pure logic and seldom can indulge itself in the academic certainties of syllogistic reasoning. Nor can reference be made to the provisions of any one section without the probability arising of having to reconcile it with some other section or decisional law apparently in conflict. And so here.

The conclusion to be gleaned from the many decisions dealing with the problem presented is succinctly stated in the "Law of Federal Income Taxation" (9 Mertens § 49.224) and is that "Courts have granted declaratory judgments, however, in suits in which the plaintiff has charged that his property may be taken to discharge the tax liability of another * * *" To reach this conclusion, a straight path cannot be trod. Along the path has been placed a hurdle such as is found in Section 7421 which prohibits the maintenance of any suit to restrain the collection of any tax. This hurdle, however, can be by-passed by adhering to Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620, 623, wherein the court said, "This court and others have consistently held that Section 3653(a) of Title 26 [§ 7421(a)] does not prevent judicial interposition to prevent a Collector from taking the property of one person to satisfy the tax obligation of another. Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590; Glenn v. American Surety Co., 6 Cir., 1947, 160 F.2d 977; Long v. Rasmussen, [9 Cir.] D.C.Mont. 1922, 281 F. 236."

Section 1340 (Title 28) is clear enough but can reliance be placed on it without running afoul of the section 2201 exception? The decisions give an affirmative answer although many of them also rely on Section 2463 (Title 28) for jurisdictional support. Section 2463 provides in substance that property taken under any revenue law of the United States shall be deemed to be in the custody of the law and subject only to the "orders and decrees of the courts of the United States having jurisdiction thereof."

Probably the most cited case in this field is Long v. Rasmussen, Collector of Internal Revenue, et al., 9 Cir., 1922, 281 F. 236, 238. There the Collector seized the plaintiff's property for the tax owed by another. The court had no difficulty with the statute against restraint of tax collection (26 U.S.C. § 7421) holding that it applied only to taxpayers but then said, "They [the revenue laws] relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law." If the case were not under the revenue laws, how jurisdiction was obtained in the absence of diversity is not explained except that the court believed that it was not improbable that the predecessor section (R.S. § 934) of section 2463 "contemplates the instant case." However, federal jurisdiction must be found under some statute. Only after it exists, is it then possible to invoke the theory that the jurisdictional exclusion of the summary judgment remedy of section 2201 is limited to actual controversies with respect to tax liability.

A seizure of property and its sale by a District Director of Internal Revenue is an act "arising under [an Act] * * * of Congress providing for internal revenue" (Section 1340). Of necessity, he is acting within the framework of the revenue laws. This section would appear to provide a broad jurisdictional base which is not annulled by the narrower limitations of the declaratory judgment sec-

tion. Sections 1340 and 2463 singly or in combination have throughout the years satisfied the federal courts' jurisdictional requirements in cases in which a non-taxpayer seeks to prevent his property from being seized and sold to pay the tax obligation of another. This is the very situation presented here because Giles E. Bullock, vis-à-vis the Brown Company, is a non-taxpayer.

To set forth in full the facts of the many cases accepting jurisdiction would serve little purpose. The principle has been stated succinctly in Fine Fashions, Inc. v. Moe, D.C.S.D.N.Y., 1959, 172 F. Supp. 547:

"It is well-settled that when property belonging to A is levied upon to satisfy the tax obligation of B, A is not without remedy but may seek redress in the federal courts."

Dealing with the power of the court to entertain a declaratory judgment action, the court in Tomlinson v. Smith, 7 Cir., 1942, 128 F.2d 808, said:

"What we have said concerning the jurisdiction of the court to issue a restraining order is, as we view the matter, determinative of its jurisdiction to declare the rights of the parties relative thereto. It is unreasonable to think that a court with authority to issue a restraining order is without power to declare the rights of the parties in connection therewith."

Other cases relating to jurisdiction are: Botta v. Scanlon, 2 Cir., 1961, 288 F.2d 504 (Action against District Director of Internal Revenue to have assessment declared void and to enjoin. Jurisdiction upheld; 26 U.S.C. § 7421, no bar); United States v. Coson, 9 Cir., 1961, 286 F.2d 453 (Action against United States by plaintiff claiming to be the owner of property against which a tax lien had been filed for taxes owed by another; jurisdiction upheld under 28 U.S.C. § 1340 and § 2410); Stuart v. Willis, 9 Cir., 1957, 244 F.2d 925 ("the power of the Collector never extends beyond the rights of the taxpayer upon

whose property the levy is sought. * * the property of a third person is immune from seizure to enforce the liability of the person owing the tax"); Seattle Association of Credit Men v. United States, 9 Cir., 1957, 240 F.2d 906 (Action against United States to quiet title to funds levied upon by District Director of Internal Revenue; jurisdiction upheld on basis of 28 U.S.C. § 2463); Holland v. Nix, 5 Cir., 1954, 214 F.2d 317 (Jurisdiction upheld in action to enjoin Director of Internal Revenue from enforcing assessments against property of non-taxpayer); Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590 (Jurisdiction under Section 934 (R.S.), 28 U.S.C. § 747, now § 2463 not defeated by 26 U.S.C. § 3653, now 26 U.S.C. § 7421); Guttman v. United States, D.C.E.D.N.Y., 1961, 196 F.Supp. 384 (Motion to dismiss for lack of jurisdiction denied. Action against United States, District Director of Internal Revenue, et al. to recover proceeds of life insurance policies against which tax liens had been filed. 28 U.S.C. § 2201, no bar to jurisdiction); Rutledge v. Riddell, D.C.S.D.Calif.1960, 186 F.Supp. 552 (Jurisdiction upheld as to action against District Director of Internal Revenue); Szerlip v. Marcelle, D.C.E.D.N.Y.1955, 136 F.Supp. 862 (Jurisdiction under 28 U.S.C. § 1340 and § 2463 not affected by 26 U.S.C. § 7421 where third party's property seized for tax of another); Gerth v. United States, D.C.S.D.Calif., 1955, 132 F.Supp. 894 (Action against District Director of Internal Revenue, et al. to quite title to property taken as security for taxes owed by another; jurisdiction upheld under 28 U.S.C. § 2463); Filipowicz v. Rothensies, D.C.Pa.1940, 31 F.Supp. 716 (Action for declaratory judgment against Collector of Internal Revenue, et al. Jurisdiction under Declaratory Judgments Act upheld).

Nothing said in Jolles Foundation v. Moysey, 2 Cir., 1957, 250 F.2d 166, is to the contrary. There the question related to the tax liability of the Foundation. By a declaratory judgment action, the taxpayer sought to change its taxable status. The issue was "with respect to Federal taxes" and the exception of Section 2201, therefore, applied.

Upon the trial, the sole issue to be determined will be whether title to the machinery and fixtures is in Giles E. Bullock or E. C. Brown Company. If in Bullock, the proceeds of the sale in the hands of the District Director should be applied to the Bullock tax liability; if in the Company, to its tax liability. Jurisdiction rests upon sections 1340 and 2463 and does not come within the exception of section 2201. That exception sufficiently serves its purpose if limited to controversies involving tax liabilities of parties *qua* taxpayers and if not construed as foreclosing declaratory judgment relief to persons claiming an interest in property levied upon to satisfy the tax obligations of another. Accordingly, the order is reversed and the case remanded so that upon the trial the issue of title and the proper application of the proceeds may be determined.

The judgment is reversed and the case is remanded to the District Court.