Hoyt E. HENDERSON, et al., Plaintiffs,

v.

Allen V. CROOM, et al., Defendants.

Civ. A. No. 74-G-53-J.

United States District Court,
N. D. Alabama,
Jasper Division.

Jan. 7, 1975.

See also, D.C., 403 F.Supp. 668.

Thomas E. Skinner, George D. H. McMillan, Jr., and Benjamin B. Spratling, III, Birmingham, Ala., for plaintiffs.

Black & Crotty, Edgar M. Dunn, Jr., Daytona Beach, Fla., John H. Wilbur and D. D. Allen, Milam, Martin & Ade, Jacksonville, Fla., Warren B. Lightfoot, Bradley, Arant, Rose & White, Birmingham, Ala., for Sun Bank of Daytona Beach.

A. Berkowitz and Michael L. Edwards, Berkowitz, Lefkovits & Patrick, Birmingham, Ala., Joseph L. Hutner, Singer & Pincus, New York City, for Rodano and Stroud, and for Petrol Industries, Inc.

Lang & Suttle, Woodland Hills, Cal., Ollie L. Blan, Jr., Spain, Gillon, Riley, Tate & Ansley, Birmingham, Ala., for Charles Cannon and for Coastal Mechanical, Inc.

W. Michael Atchison and Steve A. Baccus, McDaniel, Hall, Parsons & Conerly, Birmingham, Ala., James E. Moore, Moore, Moore, Downing & Layden, Mo-

bile, Ala., for Allen V. Croom and for Sovereign Industries.

George R. Stuart, III, Hardin, Stuart & Moncus Birmingham, Ala., Graham & Markel, P. A., Orlando, Fla., R. Edward Cooley, Graham & Markel, P. A., Winter Park, Fla., for Sentry Indemnity Co.

## OPINION AND ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

GUIN, District Judge.

### STATEMENT OF CASE

The plaintiffs charge the defendants with a conspiracy to defraud them in connection with the sale of their stock in Coastal United Enterprises, Inc., a Florida corporation ("Coastal"), in violation of the Securities Act of 1934 and Rule 10b–5 adopted pursuant thereto. [15 U.S.C. § 78j(b)] Rule 10b–5, 17 C. F.R. § 240.10b–5] The Complaint contains six counts. The plaintiffs have filed a motion for Partial Summary Judgment under Count IV and Count V (Pendant Count). The Complaint alleges in substance that after one or more of the defendants acquired control of Coastal, they wilfully neglected to pay the United States Government (Internal Revenue Service) the sum of approximately $181,000.00 for F.I.C.A. and income withholding taxes for the first two quarters of 1973 in violation of 26 U.S.C.A. §§ 3102, 3402. The plaintiffs further charge that the Internal Revenue Service has served notice of a proposed assessment against the plaintiffs for a 100% penalty tax under § 6671 and § 6672.

By their Motion for Partial Summary Judgment, plaintiffs seek to have this Court declare that they are not liable for the 100% penalty which the Government has undertaken to assess against them.

### FINDINGS OF FACT

▪ All parties have completed extensive discovery. The Court finds that prior to the period in which Coastal failed to pay its F.I.C.A. and income withholding taxes (the first two quarters of 1973), the plaintiffs had surrendered their stock in Coastal and had resigned as officers and directors of Coastal; that they no longer exercised or undertook to exercise control over the conduct of the business of Coastal and did not have authority or undertake to exercise authority in connection with the financial affairs of the Company; and, therefore, had no responsibility for the payment of the tax.

### CONCLUSIONS OF LAW

When a corporation fails to pay the federal income and Social Security taxes that it is required to withhold from the wages of its employees, the Internal Revenue Service may collect its tax money from the responsible officers of the corporation. Under Section 6672 of the Internal Revenue Code (Title 26, U.S. C.A., § 6672), a "person" who is responsible for collecting, accounting for, and paying over withholding taxes and who "wilfully" fails to do so, may be held personally liable for a civil penalty equal to the amount of the tax not paid (commonly referred to as the "100% penalty"). The Code defines the term "person" to include "an officer or employee of a corporation".

▪ The Courts have construed the statutory definition of a "person" to include all persons who are so connected with a corporation as to be "responsible" for paying the taxes. The teaching of the cases is that a "responsible person" is one who has or shares the "final word" as to what bills or creditors should or should not be paid, the word "final" meaning significant rather than exclusive control. *Dudley v. United States,* 428 F.2d 1196 (9th Cir. 1970). The Fifth Circuit in *Hewitt v. United States,* 377 F.2d 921 (5th Cir. 1967), held that a corporate officer who had the final word as to what checks should be prepared, for whom, and in what amount was held to be a "responsible person". One Court speaking to the point of who is a "responsible person" has said:

"The person responsible for the payment of taxes under §§ 6671 and 6672 is the person who 'had the final word as to what bills should or should not be paid, and when,' Wilson v. United States, 250 F.2d 312, 316 (9th Cir. 1958), a person 'so connected with a business as to be in a position to exercise full authority with respect to its financial affairs.' Melillo v. United States, supra, 244 F.Supp. at 327." Werner v. United States, 374 F.Supp. 558, 562 (D.C.Conn.1974).

For cases of similar tenor, see Gordon v. Evans, 62–1 USTC ¶ 9196 (D.C.Nev. 1961); Hill v. United States, 64–2 USTC ¶ 9806 (D.C.Tex.1964), aff'd. 368 F.2d 617 (5th Cir. 1964); Spiegel v. United States, 65–2 USTC ¶ 9655 (D.C.Ga.1965).

On the question of this Court's jurisdiction to enter a Partial Summary Judgment in this case, the case of Holland v. Nix, 214 F.2d 317 (5th Cir. 1954), is most instructive. In that case the Court held that the anti-injunction section of the Internal Revenue Code which provides in essence that no suit shall be maintained in any Court for the purpose of restraining the assessment or collection of taxes against a taxpayer is not an absolute bar against such suits. In sustaining the District Court's injunction against the collection of a tax, the Court said:

"As was stated by the Supreme Court in Miller v. Standard Nut Margarine Company of Florida, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, and in subsequent decisions, Section 3653 is general in its terms and should not be construed as abrogating the equitable principles which permit suits to restrain collection where the exaction is illegal (as we think here), or there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisdiction." 214 F.2d at 320.

■ This Court is being asked to declare as between the plaintiffs and the defendants whether the plaintiffs are liable for the 100% penalty which the Internal Revenue Service has undertaken to assess against them. There is ample authority for this Court to enter a Declaratory Judgment on this question. Henshel v. Guilden, 300 F.Supp. 470 (S.D.N.Y.1969); Bullock v. Latham, 306 F.2d 45 (2d Cir. 1962); cf. Holland v. Nix, 214 F.2d 317 (5th Cir. 1954); Stern & Co. v. State Loan and Financing Corp., 205 F.Supp. 702 (D.Del.1962).

The Court in its opinion in Bullock, supra, cites the case of Fine Fashions, Inc. v. Moe, 172 F.Supp. 547 (S.D.N.Y. 1959), as succinctly stating the principle on which jurisdiction is based.

"It is well-settled that when property belonging to A is levied upon to satisfy the tax obligation of B, A is not without remedy but may seek redress in the federal courts." 306 F.2d at 47.

ORDER

The Court is of the opinion that the plaintiffs are entitled to have a Partial Summary Judgment entered adjudging and decreeing that they are not liable for the 100% penalty. It is, therefore, ordered, adjudged and decreed that,

The plaintiffs are not liable under 26 U.S.C.A. Section 6672 for a penalty equal to the amount of Federal employment taxes withheld from the wages of employees of Coastal United Enterprises, Inc. and not paid by Coastal United Enterprises, Inc. during the period from January 1, 1973 through June 30, 1973.